IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT J. DAVIS, JR.                    §
(TDCJ No. 681480),                      §
                                        §
            Petitioner,                 §
                                        §
V.                                      §        No. 3:16-cv-1832-S-BN
                                        §
LORIE DAVIS, Director                   §
Texas Department of Criminal Justice,   §
Correctional Institutions Division,     §
                                        §
            Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Albert J. Davis, Jr., a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No 1; *see also* Dkt. No. 9 (allowing limited amendment prior to filing of response).

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

For the reasons and to the extent explained below, the Court should deny Davis's habeas petition.

**Applicable Background**

Davis was initially indicted for tampering with physical evidence and possession of methamphetamine. *See State v. Davis*, Nos. F14-58085-H, F14-58086-H (Crim. Dist. Ct. No. 1, Dallas Cty.). As to each charge, the court accepted his non-negotiated guilty

plea and then sentenced him to 5 years of deferred adjudication community supervision in the tampering case and 2 years of imprisonment, probated for 5 years, in the possession case.

While on community supervision, Davis was indicted for tampering with evidence and manufacturing with intent to deliver a controlled substance in a drug-free zone. *See State v. Davis*, Nos. F15-23791-H, F15-23792-H (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.). The State also moved to adjudicate guilt and revoke community supervision as to the earlier cases. Davis entered non-negotiated pleas in the subsequent cases. And he ultimately was sentenced to concurrent terms of 7 years of imprisonment as to both tampering convictions and the subsequent drug conviction and 1 year as to the earlier drug offense. *See Davis*, Nos. F14-58085-H, F14-58086-H, F15-23791-H, F15-23792-H; Dkt. No. 16-1 at 24, Exs. E, D, & F.

Although he did not file direct appeals, Davis did file petitions for habeas relief in state court – identical petitions in each case addressing all four convictions. *See Ex parte Davis*, W14-58085-H(A), W14-58086-H(A), W15-23791-H(A), W15-23792(A). The Texas Court of Criminal Appeals (the "CCA") denied these initial petitions without written order. *See Ex parte Davis*, WR-31,581-04, -05, -06, -07 (Tex. Crim. App. Apr. 20, 2016).

Davis's timely-filed Section 2254 petition, as amended, raises ineffective-assistance-of-counsel claims, due process claims, and a claim alleging an illegal sentence and cruel and unusual punishment. *See* Dkt. Nos. 1 & 9. The State has filed a response opposing relief. *See* Dkt. Nos. 16 & 17. And Davis has filed a reply. *See* Dkt.

Nos. 19, 20, 21, & 22.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court

may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under

Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*,

*Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA

on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be

"examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death

Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies

on legal rules that directly conflict with prior holdings of the Supreme Court or if it

reaches a different conclusion than the Supreme Court on materially indistinguishable

facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574

U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time

again, that the AEDPA prohibits the federal courts of appeals from relying on their

own precedent to conclude that a particular constitutional principle is 'clearly

established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong

-4-

case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where

the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a

federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

I.    The state court's determination as to – the denial of all – the IAC claims was neither contrary to law nor unreasonable.

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC"), whether at trial or on direct appeal, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-

88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have

had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Moreover, as Davis pleaded guilty, to establish prejudice under *Strickland*, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

*Lockhart*, 474 U.S. 52, 59 (1985). And a Section 2254 petitioner's failure to make this showing entitles a state court's denial of IAC claims that turn on *Hill* to Section 2254(d) deference. *See, e.g., Bass v. Morgan*, 653 F. App'x 299, 302 (5th Cir. 2016) (per curiam) ("Bass has not shown prejudice because he has not shown 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Thus, Bass has not shown that the state court's decision was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of facts in light of the evidence presented in the state court proceeding." (citations omitted)); *Johnson v. Taylor*, No. 1:14-CV-1907-WSD-RGV, 2014 WL 12684288, at *6 (N.D. Ga. Oct. 9, 2014) ("[T]he state habeas court correctly concluded that petitioner could not demonstrate prejudice. ... Therefore, the state habeas court's rejection of [his IAC] grounds ... is correct and entitled to deference pursuant to § 2254(d)." (citations omitted)), *rec. adopted*, 2017 WL 1364852 (N.D. Ga. Apr. 14, 2017).

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly

deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim

that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Here, based on a liberal interpretation of the many conclusory IAC-based allegations that Davis makes, it appears that he asserts that his counsel refused to file motions or writs; denied him a continuance to prepare a defense; had a conflict of interest, based on counsel's allegedly threatening him with a 20-year sentence and counsel's allegedly pushing him to enter an open plea of guilty; denied him a psychological evaluation, medical records, and a MHMR attorney; denied his request to change venue to a drug court; and failed to communicate and formulate a defensive strategy. *See* Dkt. No. 3 at 6, 11-12.

Taking the conclusory, apparent challenge to the guilty plea first, a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir.

1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Each written plea admonishment advised Davis of, among other things, the charges against him, the range of punishment, and that he was waiving his right to a jury, and Davis acknowledged that he understood the consequences of pleading guilty. *See* Dkt. No. 16-1 at 10-12, 22-23, 30-32, & 41-43.  The record also contains Davis's signed judicial confessions. *See id.* at 13, 33-34, & 44-45. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy." (collecting cases)).

For these reasons, measured against his conclusory assertions, Davis has not established *Strickland* prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Therefore, to the extent that his IAC claims are all exhausted and not procedurally barred, *see* Dkt. No. 16 at 9-13; *cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the

courts of the State."), Davis has not shown that the state-court denial of his IAC claims "amounted to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)); *accord Bass*, 653 F. App'x at 302.

In addition, to the extent that Davis's IAC claims are not based on an allegedly involuntary guilty plea, the IAC allegations all appear to have occurred prior to entry of his guilty plea and thus are all "nonjurisdictional challenges to [his] conviction's constitutionality" and, as such, "cut off" because Davis has failed to establish that his guilty plea is not voluntary. *Norris v. McDonough*, No. 8:06-CV-0036-T-30TBM, 2007 WL 1655617, at *6 (M.D. Fla. June 6, 2007) (citing *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Oct. 1981)))); *see Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea").

For these reasons, the Court should deny Davis's IAC claims.

II.    <u>Remaining claims</u>

Davis further claims that he was illegally tried, convicted, and sentenced and that, as a result, he has suffered cruel and unusual punishment. This claim is

conclusory and has no support in the record, as Davis's guilty pleas were voluntary and he was sentenced within the applicable punishment ranges.

He next contends that his due process rights have been violated through the denial of law-library access, the denial of the right to correspond, and through *Ruiz v. Estelle* stipulation violations – *Ruiz* being, at one time, "an ongoing class action concerning conditions of incarceration imposed on prisoners by the Texas Department of Corrections" that long ago settled. *Ruiz v. Collins*, 3 F.3d 437, 1993 WL 347034, at *1 n.1 (5th Cir. Aug. 13, 1993) (per curiam). As all of these contentions concern Davis's conditions of confinement, and are not challenges to his convictions and sentences, they are not properly brought in a habeas petition. The Court should thus deny them without prejudice to Davis's asserting them in a civil rights complaint filed under 42 U.S.C. § 1983 in the proper district and division, after exhausting available administrative remedies.

## Recommendation

The Court should deny the habeas claims asserted in the application for a writ of habeas corpus with prejudice and deny the civil rights claims asserted therein without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 19, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE